DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| JOSEPH DARRAH, | ) |
|               Plaintiff, | ) |
| v. | ) |
| GOVERNMENT OF THE VIRGIN ISLANDS on behalf of the JUAN F. LUIS HOSPITAL, LLOYD HENRY, M.D., DR. VINCENT GUMBS, DR. PARKS and DR. Z., | ) Civil Action No. 2009-068 |
|               Defendants. | ) |

**Attorneys:**
**Lee Rohn, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Eugenio Giegel, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendants Government of the Virgin Islands*
    *and Lloyd Henry, M.D.*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff's Motion to Extend the Discovery Deadlines, filed on October 21, 2011. (Dkt. No. 82).[1] A hearing on this matter was held on November 30, 2011.[2]

---

[1] The Motion was filed incorrectly as a "Stipulation" on the Electronic Court Filing System ("ECF"). Counsel is reminded that motions must be properly designated as such in the ECF System to ensure accurate recording and identification.

[2] In the Motion, Plaintiff stated that Defendants' counsel "is in agreement that the deadlines need to be extended," but that the parties did not file a joint motion "for the purpose of expediency."

Although styled as a "Motion to Extend the Discovery Deadlines," the Motion actually seeks a wholesale extension, by three to four months, of *all* the deadlines established in the Court's Fifth and Final Scheduling Order entered on September 1, 2011. This is the *fifth* request for an extension in this case. The record of discovery here reflects a substantial, undeniable and unacceptable lack of diligence by the initial parties to this action – Plaintiff Joseph Darrah and Defendants Government of the Virgin Islands and Dr. Lloyd Henry.[3] Despite over twenty-two (22) months for discovery, the parties have not completed written discovery nor taken a single deposition.

For the reasons discussed below, the Court denies Plaintiff's request for a three to four-month extension of all deadlines in the Fifth and Final Scheduling Order. However, to accommodate depositions scheduled in January 2012 – including those of the two Defendants added in Plaintiff's Amended Complaint – as well as any other remaining fact discovery, the Court will extend the discovery deadline to January 31, 2012, and adjust the deadline for Plaintiff's expert disclosures to February 15, 2012. The remaining deadlines in the Fifth and Final Scheduling Order will remain unchanged.

## I.  BACKGROUND

On September 29, 2009, Joseph Darrah filed this malpractice action against the Government of the Virgin Islands (on behalf of the Juan Luis Hospital), Dr. Lloyd Henry, and

---

(Dkt. No. 82). Upon inquiry at the hearing, Defendants' counsel explained that while Defendants do not oppose the Motion, it should not be considered as filed jointly.

[3] As discussed further below, two Defendants, Dr. Vincent Gumbs and Dr. H.W.A. Jong Parks, became parties to this lawsuit by virtue of Plaintiff's Amended Complaint, filed on May 18, 2011. The discussion in this opinion about the lack of diligence in pursuing discovery is not directed at those parties.

unknown doctors X, Y, and Z. (Complaint, Dkt. No. 1). Plaintiff alleges that Dr. Lloyd and other doctors working for the Juan Luis Hospital provided inadequate medical care in treating his broken leg which resulted in complications and surgeries. On December 18, 2009, Defendants Virgin Islands Government and Dr. Henry filed an answer to the Complaint. (Dkt. No. 14).[4]

On January 15, 2010, the Magistrate Judge issued the first of several scheduling orders in this case, which established various deadlines including July 30, 2010, as the close of fact discovery; a dispositive motion cut-off of January 31, 2011; and a trial date of April 18, 2011. (Dkt. No. 17). The Scheduling Order also provided that all self-executing disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure were due by January 29, 2010. However, *nothing* was filed and no discovery was conducted by either Plaintiff or Defendants from January 15, 2010 through July 27, 2010.

On July 28, 2010 – six month *after* the due date – Plaintiff filed a notice of his voluntary disclosures. (Dkt. No. 19). On July 29, 2010, the parties filed a "Stipulation to Extend the Discovery Deadlines," reflecting their agreement to an almost seven-month extension of the fact discovery deadline and an accompanying adjustment to the other deadlines contained in the first Scheduling Order. (Dkt. No. 20).[5] In response, the Magistrate Judge issued a Second Scheduling Order establishing new deadlines including December 30, 2010, as the close of fact discovery; a dispositive motion cut-off of July 8, 2011; and a trial date of September 26, 2011. (Dkt. No. 21). On August 4, 2010, Defendants served Plaintiff with their Rule 26(a) voluntary

---

[4] Defendants were granted an extension of time to respond to the Complaint by the Court.

[5] The parties provided no grounds for the extension in the Stipulation.

3

disclosures,[6] as well as a first set of interrogatories and document requests. (Dkt. Nos. 22 and 23). Defendants served Plaintiff with additional disclosures on August 9, 2010. (Dkt. No. 24).[7]

On January 4, 2011, the parties filed a second "Stipulation to Extend the Discovery Deadlines," agreeing to a six to seven-month extension of all the previously scheduled deadlines. (Dkt. No. 30).[8] In response, on January 11, 2011, the Magistrate Judge issued a Third and Final Scheduling Order setting, among other dates, March 31, 2011, as the close of fact discovery; a dispositive motion cut-off of October 28, 2011; and a trial date of January 9, 2012. (Dkt. No. 31). In the Third and Final Scheduling Order the Magistrate Judge stated that "[t]here will be no further extensions of time without good cause shown. See Rule 16(b)." *Id*.

Plaintiff propounded his first set of interrogatories and document requests to the Defendants Virgin Islands Government and Dr. Henry on January 27, 2011. (Dkt. Nos. 32-35). Defendant Dr. Henry responded to those requests on March 29, 2011 and April 5, 2011. (Dkt. Nos. 38-39).

On that same day, April 5, 2011, the parties filed their third request for an extension, titled "Joint Motion to Extend the Discovery Deadlines." By this motion, they sought a six-month extension of all the deadlines established in the Court's Third and Final Scheduling Order on the grounds that "[d]espite diligent efforts written discovery is continuing and no depositions

---

[6] It appears that Defendants, like Plaintiff, also ignored the January 29, 2010, deadline for voluntary disclosures contained in the Court's first Scheduling Order.

[7] On October 12, 2010, Plaintiff filed a Motion to Compel further Rule 26 disclosures from Defendants regarding persons who may have treated the Plaintiff during his stay at the hospital. (Dkt. No. 27). On October 14, 2010, the Defendants filed supplemental responses to their Rule 26 disclosures, and on October 28, 2010, the Magistrate Judge denied the October 12, 2010 Motion to Compel as moot because of the Defendants' supplemental responses. (Dkt. Nos. 28 and 29).

[8] Again, the parties provided no grounds for the extension in the Stipulation.

have been taken to date. The parties have been working on older cases which are also subject to final discovery completion deadlines." (Dkt. No. 40). On April 6, 2011, the Magistrate Judge issued a Fourth and Final Scheduling Order with new deadlines, including August 1, 2011, as the close of fact discovery; a dispositive motion cut-off of February 29, 2012; and a trial date of May 14, 2012. (Dkt. No. 41). In the Fourth and Final Scheduling Order, the Magistrate Judge again stated that "[t]here will be no further extensions of time without good cause shown. See Rule 16(b)." *Id*.

Plaintiff filed a Motion to Compel Defendant Virgin Islands Government to respond to his first set of interrogatories and document requests on April 20, 2011. (Dkt. No. 46). Defendant Virgin Islands Government responded to that Motion on May 26, 2011, indicating that it had served responses to the discovery requests on May 10, 2011. (Dkt. No. 55). On July 27, 2011, the Magistrate Judge denied Plaintiff's Motion to Compel as moot because of Defendant Virgin Islands Government's May 10, 2011, responses. (Dkt. No. 67).

A status conference was held with the Magistrate Judge on September 1, 2011. On the same day, the Magistrate Judge issued a Fifth and Final Scheduling Order, again establishing new deadlines including November 30, 2011, as the close of fact discovery; a dispositive motion cutoff of May 31, 2012; and a trial date of August 13, 2012. (Dkt. No. 75). In the Fifth and Final Scheduling Order, the Magistrate Judge reiterated that "[t]here will be no further extensions of time without good cause shown. See Rule 16(b)." *Id*.

On October 21 and 25, 2011, Plaintiff filed Motions to Compel Defendants Virgin Islands Government and Dr. Henry to further respond to his first set of discovery requests. (Dkt. Nos. 83 and 84). On October 28, 2011, Plaintiff noticed 12 depositions to take place on January 23-27, 2012. (Dkt. Nos. 87-98).

5

Earlier this year, two defendants were added to this case. On April 8, 2011, Plaintiff filed a motion to amend the complaint to substitute Dr. Vincent Gumbs and Dr. H.W.A. Jong Parks as the unknown doctors named in the original complaint. (Dkt. No. 42). Despite receiving an extension from the Court to respond to Plaintiff's Motion to Amend, Defendants did not file a response and, on May 17, 2011, the Magistrate Judge granted the Motion to Amend the Complaint. (Dkt. No. 49). Plaintiff filed the Amended Complaint on May 18, 2011. (Dkt. No. 51). On May 26, 2011, Defendants then filed a Motion to Strike the Amended Complaint on the grounds that it was filed after the time designated for amendments to the complaint. (Dkt. No. 54). Defendants Gumbs and Parks did not answer or otherwise respond to the Amended Complaint and, on June 28, 2011, Plaintiff filed a Motion for Entry of Default against Dr. Gumbs and Dr. Parks. (Dkt. Nos. 63 and 64). On August 2, 2011, the Magistrate Judge denied Defendants' Motion to Strike. (Dkt. No. 69). After seeking and receiving an extension of time from the Court within which to respond to the Motion for Entry of Default,[9] Defendants did not respond to the Motion and, on August 17, 2011, the Clerk of the Court entered default against Dr. Gumbs and Dr. Parks. Defendants Gumbs and Parks then filed a Motion to Strike the Entry of Default on September 16, 2011. That Motion was denied by the Magistrate Judge on November 17, 2011. (Dkt. No. 104). Defendants Gumbs and Parks then filed a Motion for Reconsideration on November 29, 2011. (Dkt. No. 107). That Motion remains pending, with Plaintiff's response due on December 13, 2011.

---

[9] On July 13, 2011, Defendant Virgin Islands Government filed a motion seeking ten more days to respond to the Motion for Entry of Default. (Dkt. No. 65). That motion was granted on July 27, 2011, and Defendant was given until August 10, 2011, to respond to the Motion for Entry of Default. (Dkt. No. 68).

## II.   DISCUSSION

### A. Legal Principles

To modify a scheduling order, a party must demonstrate "good cause." Fed. R. Civ. P. 16(b)(4). "The rationale for the 'good cause' requirement for modification of a court's scheduling order is that 'scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired.'" *Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, 2008 WL 4642191, at *6 (D.V.I. Oct. 15, 2008) (quoting *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986)). The "good cause" inquiry "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). "To establish good cause under Rule 16, the party seeking the extension must show that the deadlines set forth in the scheduling order cannot reasonably be met despite the diligence of the party seeking the extension." *Bell v. Lockheed Martin Corp.*, 2011 WL 1467365, at *4 (D.N.J. Apr. 18, 2011).

Here, neither Plaintiff nor Defendants have provided "good cause" sufficient to justify the request for a three to four-month extension of the deadlines established in the Fifth and Final Scheduling Order. The parties have therefore failed to meet the applicable legal standard.[10]

---

[10] Because Defendants do not oppose Plaintiff's Motion to Extend the Discovery Deadlines and expressed at the hearing their own need for more time to complete discovery, the Court will consider the diligence of both Plaintiff and Defendants in pursuing discovery.

B. **<u>Analysis</u>**

### 1. **The First Six-Month Discovery Period**

The written record and the arguments adduced at the hearing reflect that none of the parties exerted the type of diligence necessary to satisfy Rule 16(b)'s "good cause" requirement. The parties conducted virtually no discovery from January 15, 2010 through July 30, 2010, the initial six-month discovery period. Although required to provide their Federal Rule of Civil Procedure 26(a)(1)(A) initial disclosures by January 29, 2010 (*see* January 15, 2010 Scheduling Order, Dkt. No. 17), none of the parties did so until July 28, 2010 – six months after the deadline and two days before the close of discovery. Further, none of the parties served a single document request or interrogatory during this period, nor attempted to depose a single witness. *See, e.g., Jiminez v. Pepsico Foods Caribbean, Inc.*, 2011 WL 4738113, at *3 (D.V.I. Oct. 6, 2011) (affirming magistrate judge's denial of untimely motion to compel for lack of diligence in part because plaintiff "waited until after the initial discovery period to propound any discovery").

When questioned at the hearing about this glaring lack of discovery effort, Plaintiff's counsel responded that she did not feel obligated to comply with the January 15, 2010 Scheduling Order because it was perceived, during the past few years, by members of the Virgin Islands Bar that civil trials were not going forward in the St. Croix Division of the District Court. Counsel concluded that it would be a waste of Plaintiff's resources to pursue discovery on a case that did not have a "real" trial date. When pressed further, Plaintiff's counsel acknowledged that

she anticipated that the Court would issue an extension at the end of the initial discovery period as a matter of course.[11]

It is important to correct counsel's mistaken belief regarding the optional nature of deadlines contained in scheduling orders.  A duly entered scheduling order is a binding order of the Court. *Trs. of the Local 464A United Food & Commercial Workers Union Pension Fund v. Wachovia Bank, N.A.*, 2011 WL 677461, at *2 (D.N.J. Feb. 15, 2011) ("[S]o long as a scheduling order is still in effect, parties must adhere to the deadlines or show good cause under Rule 16 for not doing so."); *see also Sokol Holdings, Inc. v. BMB Munai, Inc.*, 2009 WL 3467756, at *6 (S.D.N.Y. Oct. 8, 2009) ("Allowing parties to disregard the instructions of a scheduling order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation.") (citations omitted).  Litigants and their counsel are not at liberty to ignore court orders at their discretion and, if they choose to do so, they act at their own peril. *Christensen v. Am. Honda Motor Co.*, 2010 WL 1558720, at *3 (C.D. Ill. Apr. 19, 2010) ("The deadlines imposed by the Federal Rules and by the Orders of this Court are designed for orderly case management, and counsel ignores those deadlines at his and, more importantly, his client's peril."); *Hernandez v. General Motors Corp.*, 2001 WL 36103819, at *1 (S.D. Tex. July 3, 2001) ("The Rules of Civil Procedure endow the trial judge with formidable case-management authority. . . . Part of the authority includes establishing a case-management schedule that the court enters as an order, and a party who ignores any case-management deadline does so at his own peril.") (citations omitted).  Accordingly, the premise that underlies counsel's proffered

---

[11] When similarly questioned, Defendant's counsel explained that Plaintiff has an obligation to move the case forward, but nonetheless faulted his own lack of diligence in failing to conduct any discovery during the initial six-month period.

reasons for failing to conduct any discovery during the initial six-month period, or to otherwise exercise diligence in pursing discovery, is fatally flawed.

Further, counsel's attempt to shift blame to the Court while absolving herself from responsibility for Plaintiff's lack of diligence in adhering to the discovery and other deadlines in the scheduling orders rings particularly hollow.  Essentially, counsel appears to argue that the combination of the Magistrate Judge's generosity in responding to the parties' numerous requests for extension of the discovery and other deadlines, together with the allegedly common belief within the Bar that civil cases were not going to trial, somehow estops the Court from determining whether Plaintiff exercised diligence in pursuing discovery or otherwise excuses Plaintiff's lack of diligence.  This argument turns Rule 16(b)(4)'s "good cause" requirement on its head.  The "good cause" inquiry measures *Plaintiff's* diligence in conducting discovery, not that of the Court. Of course, if some action or inaction of the Court *prevented* Plaintiff from conducting discovery in a diligent fashion, that might present "good cause" for the modification of a scheduling order.  However, Plaintiff can point to no action or inaction by this Court that hampered his ability to conduct discovery diligently.  Notwithstanding the absence of any such impediment, Plaintiff's counsel acknowledged that if the Court were to conduct a trial now – more than twenty-two (22) months after the beginning of discovery – Plaintiff would not be ready to proceed.

Moreover, even if one were to accept counsel's perception regarding the Court's trial of civil cases in the past, the extent to which the Court tried civil cases is not the barometer by which the parties' diligence is to be measured.  Although trial is one means by which cases are resolved, many cases are resolved without a trial – including through settlement via mediation or otherwise and dispositive motions.  Discovery facilitates the parties' awareness of the evidence

as well as the strengths and weaknesses of their case.  By failing to conduct discovery diligently, the parties stalled the entire litigation process, thus preventing the matter from moving forward to possible resolution through avenues other than trial.  And, now that the Court is ready to proceed in accordance with its latest Scheduling Order, the parties remain mired in fact discovery and requests for more time.

In sum, Plaintiff's attempt to avoid responsibility for his own lack of diligence by blaming the Court for an alleged failure to try civil cases misses the mark.  Plaintiff's proffered reasons for failing to conduct any discovery during the initial six-month period does not excuse the parties' lack of diligence nor constitute "good cause" for an extension of the deadlines established in the Fifth and Final Scheduling Order.

### 2.  The Remaining Discovery Periods

Putting aside the failure of the parties to conduct any discovery during the initial six-month discovery period, their subsequent discovery efforts also fail to demonstrate diligence. Plaintiff served his first discovery requests on January 27, 2011, *after* the close of the *second* six-month discovery period and over a *year* after the discovery period began.  To date, discovery has been open for more than twenty-two (22) months; Plaintiff and Defendants are still litigating Plaintiff's first set of discovery requests;[12]  and none of the parties has taken a single

---

[12] The record reflects that on two occasions – in connection with Defendants' voluntary disclosures and their responses to Plaintiff's interrogatories – Defendants provided more complete responses *after* the filing by Plaintiff of a Motion to Compel.  Plaintiff's motions were thus rendered moot.  Counsel is reminded that dilatoriness and gamesmanship in the discovery process, which serve only to delay the proceedings and increase costs, are inconsistent with the letter and spirit of Rule 1 of the Federal Rules of Civil Procedure, which calls for the construction and administration of the Rules so as to "secure the just, speedy, and inexpensive determination of every action and proceeding."

deposition.[13]  On October 28, 2011, one week after petitioning this Court for the *fifth* extension of time, Plaintiff finally noticed twelve depositions to take place in January 2012, almost two months beyond the November 30, 2011 discovery cut-off.[14]  Plaintiff cites no legal authority to support a finding of "good cause" in these circumstances,[15] and the Court will not sanction such a cavalier lack of diligence in complying with the Court's scheduling orders.  *See Rosetsky v. Nat'l Bd. of Med. Exam'rs of U.S., Inc.*, 350 Fed. Appx. 698, 702 (3d Cir. 2009) (unpublished) (affirming district court's denial of motion to extend discovery deadlines when plaintiff "waited until the eve of the deadline to notice any depositions."); *Century Jets Aviation LLC v. Alchemist Jet Air LLC*, 2011 WL 724734, at *3 (S.D.N.Y. Feb. 8, 2011) (denying motion to extend discovery deadline to take depositions because "failing to schedule a single deposition [during

---

[13] At the hearing, Defendants acknowledged that despite the passage of over twenty-two (22) months of discovery, the Plaintiff has not yet been deposed.  Thus, Defendants do not know whether further written discovery from the Plaintiff will be necessary or whether more time for discovery beyond that requested in the current Motion might be needed.

[14] At the hearing, Plaintiff explained that no depositions were taken in the more than twenty-two months that discovery has been open because the parties were waiting to determine the identity of the unknown doctors alleged in the original complaint prior to scheduling any depositions.  This explanation is unsatisfying.  Accepting this representation as true, Plaintiff made no affirmative effort to learn the identities of the unknown doctors alleged in his complaint for at least the first eight months of discovery, or September 2, 2010, when he requested that Defendants supplement their August 4, 2010 voluntary disclosures. (*See* Dkt. No. 27-1).  Then, Plaintiff did not propound his first set of discovery for another four months.  Even assuming that it was a legitimate discovery plan to delay depositions until the identities of the unknown doctors were revealed, Plaintiff's failure to proceed with greater dispatch to learn their identities does not demonstrate diligence.

[15] Plaintiff cites *Hutchins v. United Parcel Service, Inc.*, 2005 WL 1793695 (D.N.J. July 26, 2005), in support of the legal standard that applies to the requested extension.  However, in applying the legal standard, the district court in *Hutchins* affirmed a magistrate judge's denial of a motion for leave to amend to add new claims because the plaintiff had not been diligent and was unable to explain why he could not have added those claims three years earlier.  *Id*. at *3.  Likewise, Plaintiff is unable to explain satisfactorily why he could not have accomplished the discovery he now seeks in the more than twenty-two (22) months of discovery that has already elapsed.

the discovery period] demonstrates dilatoriness, rather than diligence."); *Kelly v. CSE Safeguard Ins. Co.*, 2011 WL 2977890, at *2 (D. Nev. July 11, 2011) ("[T]he parties had at least 259 days, not counting the time during which discovery was stayed, after the notice to find time to schedule the four depositions. The failure to do so constitutes a lack of diligence and is not excusable neglect."); *Bickler v. Senior Lifestyle Corp.*, 2010 WL 342584, at *2 (D. Ariz. Jan. 28, 2010) (denying defendant's motion to extend discovery deadlines to take depositions because "Defendant has not shown that the depositions could not have been completed within the Court's schedule through reasonable diligence."); *Harris v. Supervalu Holdings-PA LLC*, 2007 WL 1175631, at *2 (W.D. Pa. Apr. 20, 2007) (denying motion to extend discovery deadline because "during the nearly six months the Court has allotted for discovery, plaintiff has failed to take even one deposition. Although the Court is willing to work with plaintiff, given her *pro se* status, the Court cannot reward plaintiff for her lack of diligence by extending the discovery dates even further."). Accordingly, the Court finds that the parties have failed to demonstrate sufficient diligence to warrant the requested extension.

Additionally, the reasons proffered in Plaintiff's Motion to Extend the Discovery Deadlines do not demonstrate "good cause." First, Plaintiff states that an extension is warranted because Defendants have not supplemented their discovery responses to Plaintiff's first set of discovery requests as they agreed to do. Plaintiff further explains that January 23-26, 2012, "is the first available time that all counsel and the witnesses are available to conduct [depositions]." (Plt.'s Mot. at 2). While the Court does not sanction any delays that may have been occasioned by the Defendants, Plaintiff's own lack of diligence in beginning and pursuing discovery is

largely responsible for the discovery troubles of which he now complains.[16] Accordingly, these reasons do not demonstrate good cause.

Second, Plaintiff explains that he needs more time to complete discovery because his counsel has been working on "other, older cases pending in this Court." *Id*. In other words, Plaintiff's counsel is too busy with other cases to diligently attend to this one. Incidentally, this was the same reason proffered by the parties six months earlier when the *third* request for an extension was sought. In any event, "a counsel's busy trial schedule has been determined to fall short of establishing good cause." *United States v. United States Fid. & Guar. Co.*, 2005 WL 1528374, at *2 (N.D. Ind. June 24, 2005); *see also Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1030-31 (7th Cir. 1998) (denying a request for extension of time premised upon counsel's busy trial schedule, stating that "a good judge sets deadlines, and the judge has a right to assume that deadlines will be honored."); *D'Agostine v. United Hosp. Supply Corp.*, 1996 WL 417266, at *5 (E.D. Pa. July 23, 1996) ("A busy schedule hardly constitutes good cause for failing to comply with the Federal Rules of Civil Procedure."). Accordingly, Plaintiff's assertion that his counsel's busy work schedule prevents compliance with the discovery deadline does not satisfy the good cause requirement under Rule 16(b). The Court will not entertain such an excuse in this case.

---

[16] Additionally, at the hearing, counsel for Defendants explained that some of the twelve witnesses scheduled for depositions in January 2012 may no longer work for the Juan Luis Hospital, may no longer live on St. Croix, and may thus be unavailable for deposition in St. Croix. Counsel for Plaintiff noted that she was not previously made aware of this problem. In essence, the parties have submitted a filing to the Court with a proposed schedule that is premised, at least in part, on noticed depositions that they cannot confirm will take place. This further calls into question the seriousness and diligence with which the parties are approaching this matter.

Finally, Plaintiff explains that the addition of Dr. Gumbs and Dr. Parks as Defendants necessitates additional time to complete discovery. (Plt.'s Mot. at 1-2). Plaintiff has noticed their depositions for January 26 and January 27, 2012, respectively. As noted above, Plaintiff was not diligent in discovering that Dr. Gumbs and Dr. Parks were the unidentified doctors alleged in his complaint. Nonetheless, and despite the lack of "good cause" for the requested three to four-month extension of all the deadlines in the Court's Fifth and Final Scheduling Order, the Court will extend the fact discovery deadline to January 31, 2012, to accommodate the scheduled depositions, including those of Dr. Gumbs and Dr. Parks, and any remaining fact discovery. Based on this extension the Court will also adjust Plaintiff's expert disclosure deadline to February 15, 2012. All other deadlines will remain unchanged.

### III.   CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's request for a three to four-month extension of all deadlines as requested in his Motion to Extend the Discovery Deadlines. However, the Court will extend the fact discovery cut-off to January 31, 2012, and adjust Plaintiff's expert disclosure deadline to February 15, 2012. All other deadlines in the Court's Fifth and Final Scheduling Order will remain unchanged. An amended Scheduling Order accompanies this Memorandum.

Date: December 13, 2011                    _____/s/_____
                                           WILMA A. LEWIS
                                           District Judge